```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
JOE N. FLOWERS,                                              :
                                   Petitioner,               :
                                                             :   19 Civ. 8831 (LGS)
              -against-                                      :
                                                             :   OPINION AND ORDER
FEDERAL BUREAU OF PRISONS,                                   :
                                   Respondent.               :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Petitioner Joe N. Flowers, an inmate at the Federal Correctional Institution in Otisville, New York ("FCI Otisville"), brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C § 2241 (the "Petition"), challenging the Bureau of Prison's ("BOP") calculation of his federal sentence. The warden of FCI Otisville, James Petrucci, submitted a return and memorandum of law in opposition, and Petitioner filed a reply memorandum. For the reasons stated below, the Petition is denied.

## I.   BACKGROUND

Petitioner was convicted for the sexual abuse of minors in three criminal cases. On August 19, 2011, a New York state court in Monroe County sentenced Petitioner to 7 years' imprisonment for violating N.Y. Penal Law § 130.80(1)(b) (the "First State Sentence"). The sentence had a conditional release date of July 7, 2017, and a maximum expiration date of July 7, 2018.

On May 22, 2012, Petitioner was transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum*, to answer federal charges in the Western District of New York. On September 6, 2012, Judge Larimer sentenced Petitioner to 7 years' imprisonment for

violating 18 U.S.C. § 2423(a) (the "Federal Sentence"). In the judgment, Judge Larimer ordered that the Federal Sentence be served consecutively to the First State Sentence.

After being transferred back to New York state custody, on September 7, 2012, a New York state court sentenced Petitioner to an indeterminate sentence of 1 year and 4 months to 4 years, for violating N.Y. Penal Law § 130.40(2) (the "Second State Sentence"). The court ordered the sentence to run consecutively with the First State Sentence and concurrently with the Federal Sentence. Following the expiration of the First State Sentence on July 7, 2018, Petitioner remained in state custody for 4 months pursuant to the federal detainer and the Second State Sentence. He was transferred to federal custody on November 7, 2018.

Beginning in April 2019, Petitioner sought administrative relief from the BOP, seeking a correction of the computation of his release date and application of custody time credit. Petitioner requested immediate release based on a belief that all three sentences should run concurrently. First, Petitioner explained that the Federal Sentence was intended to run concurrently with the to-be-imposed, indeterminate Second State Sentence. Second, Petitioner argued that the indeterminate Second State Sentence was merged with his 7-year determinate First State Sentence. Consequently, if all three sentences are concurrent, Petitioner should have been released in 2018.

Petitioner appealed the responses to his requests, and in July 2018, the BOP informed Petitioner that his request for credit toward the federal sentence was being treated as a *nunc pro tunc* or retroactive designation. The BOP contacted the federal sentencing court for its position on the concurrency of the Federal Sentence with the later-imposed Second State Sentence. Judge Larimer clarified that he had "no objection to running [the Federal Sentence] concurrently with" the Second State Sentence.

Petitioner filed this Petition on September 20, 2019, arguing that all three sentences should run concurrently because of New York Penal Law § 70.25, which provides that if a court imposes a sentence on a person who is subject to an undischarged term of imprisonment and does not specify whether it will run concurrently or consecutively, "[a]n indeterminate or determinate sentence shall run concurrently with all other terms." N.Y.P.L. § 70.25(a). The relief that Petitioner appears to seek is for the Court to "find that concurrent sentencing for [the sentences] is merited in this case," and accordingly, to find that the BOP failed to credit the time served on the First State Sentence.

## II. LEGAL STANDARD

Section 2241 authorizes courts to adjudicate a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3); *accord Dhinsa v. Krueger*, 917 F.3d 70, 79 (2d Cir. 2019). Generally, a petition pursuant to § 2241 challenges the execution of a federal prisoner's sentence, including matters like the "computation of a prisoner's sentence by prison officials." *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *accord Evans v. Larkin*, 629 Fed. App'x 114, 115 (2d Cir. 2015) (unpublished). A federal prisoner seeking to challenge his custody must "name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). There is no statutory exhaustion requirement for a § 2241 petition; however, in this Circuit, exhaustion of administrative remedies is generally a prerequisite to habeas corpus relief under § 2241. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (explaining that federal prisoners must exhaust their administrative remedies prior to filing a § 2241 petition); *accord Reynolds v. Petrucci*, No. 20 Civ. 3523, 2020 WL 4431997, at *2 (S.D.N.Y. July 29, 2020).

"The allegations of a return to the writ of habeas corpus or of an answer . . . if not traversed, shall be accepted as true except to the extent that the judge finds from evidence that they are not true." 28 U.S.C. § 2248.  In a habeas corpus proceeding pursuant to § 2241, "it is the petitioner who bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) (internal quotation marks omitted).

Courts must liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions "to raise the strongest claims [they] suggest[]." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quotation marks omitted).  However, a *pro se* litigant is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); *accord Murphy v. Warden of Attica Corr. Facility*, No. 20 Civ. 3076, 2020 WL 2521461, at *1 (S.D.N.Y. May 15, 2020).

**III.    DISCUSSION**

Liberally construed, Petitioner challenges the BOP's Federal State Sentence Calculation on the ground that the BOP either failed to calculate the Federal State Sentence as running concurrently with his First State Sentence or failed to apply custody time credit from his First State Sentence, based on the application of Section 70.25 of the New York Penal Laws.  The BOP correctly calculated Petitioner's Federal Sentence commencement date and did not err in declining to apply custody time credit from his First State Sentence.

As an initial matter, the Court has determined that this Petition is properly before this court, as it is liberally construed as a challenge to the execution of a sentence, namely the BOP's computation of Petitioner's Federal Sentence.  *See Levine*, 455 F.3d at 78.  The Petition was filed

4

in the district of confinement, and although Petitioner named the Federal Bureau of Prisons as Respondent, FCI Otisville's warden has properly responded.  Petitioner exhausted his administrative remedies with respect to his request to correct his sentence based on belief that all three sentences should have run concurrently.  Based on the administrative relief Petitioner sought from the BOP and that Petitioner now seeks from this Court, Petitioner does not appear to challenge the validity of his Federal Sentence or Second State Sentence.[1]

The computation of a federal sentence is governed by 18 U.S.C. § 3585.  "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody."  *Crosson v. Recktendald*, No. 14 Civ. 1865, 2015 WL 694831, at *3 (S.D.N.Y. Feb. 18, 2015) (citation omitted).  A sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  "The Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether

---

[1] If Petitioner's primary contention is with Judge Larimer's determination as to whether the Federal Sentence should be served consecutively or concurrently to the sentences imposed in the state court proceedings, the Petition is not properly before this Court, as this would be a challenge to the imposition of a sentence that should be heard by the sentencing court.  *See* 28 U.S.C. § 2255(e); *accord Fisher v. Hudson*, 665 Fed. App'x 59, 61 (2d Cir. 2016) (unpublished) (remanding and transferring matter to the sentencing court because the petition could be understood as a § 2255 petition, "the proper mechanism for mounting a collateral attack on legal defects affecting the district court's imposition of a sentence.").  However, Petitioner is advised that there is "no constitutionally cognizable right to concurrent, rather than consecutive, sentences."  *U.S. v. McLean*, 287 F.3d 127, 136 (2d Cir. 2002); *accord Blume v. Martuscello,* 13 Civ. 4310, 2015 WL 10487723, at *12 (S.D.N.Y. Aug. 5, 2015).  "Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings."  *Setser v. United States*, 566 U.S. 231, 236 (2012).  As explained below, Judge Larimer determined that the Federal Sentence would run consecutively to the First State Sentence and concurrently to the Second State Sentence.

the defendant should receive any credit for any prior time spent in custody." *U.S. v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2d Cir. 1998); *accord Curtis v. Billingsley*, No. 16 Civ. 2558, 2017 WL 1103005, at *5 (S.D.N.Y. Mar. 24, 2017).

The BOP correctly determined that Petitioner's Federal Sentence began on July 7, 2018, the expiration date of the First State Sentence, as provided by the New York State Department of Corrections and Community Supervision. According to the judgment in Petitioner's federal case, Petitioner's 7-year Federal Sentence was imposed to run consecutively to the 7-year First State Sentence. As to the later-imposed Second State Sentence, the New York state court also directed that the Second State Sentence was to run consecutively with the First State Sentence and concurrently with the Federal Sentence. Although Petitioner was not transferred to federal custody until November 7, 2018, the BOP applied a *nunc pro tunc* retroactive designation so that the Federal Sentence began running on July 7, 2018, after the expiration of the First State Sentence and concurrently with the Second State Sentence. This designation occurred in the course of the administrative review process after seeking Judge Larimer's position on whether the Federal Sentence may run concurrently with the later-imposed Second State Sentence. In Judge Larimer's letter responding to the BOP, he re-confirmed that the Federal Sentence was to run consecutively to the First State Sentence, as provided in the judgment. Accordingly, the BOP correctly designated the Federal Sentence's commencement date as July 7, 2018.

The BOP correctly credited Petitioner with 19 days toward the Federal Sentence. Under § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). "[A] defendant held at a federal detention facility is not 'in custody' for the purposes of § 3585(a) when he is produced

through a writ of habeas corpus ad prosequendum." *United States v. Fermin*, 252 F.3d 102, 108 n.10 (2d Cir. 2001); *accord Bracamonte v. Von Blanckensee*, No. 18 Civ. 166, 2019 WL 1368084, at *3 (S.D.N.Y. Mar. 26, 2019). These 19 days were based on the periods during which Petitioner was detained in connection with the federal offenses, excluding the days that New York had credited him for the First State Sentence: the days between May 20 to June 6, 2011, and July 7, 2011. Petitioner cannot be credited with the time during which he was held pursuant to the writ of habeas corpus *ad prosequendum* because he was serving the First State Sentence and was not "'in [federal] custody' for the purposes of § 3585(a)." *Fermin*, 252 F.3d at 108 n.10. "In such situations the state retains primary custody over the prisoner." *Curtis*, 2017 WL 1103005, at *4 (internal quotations omitted).

Petitioner argues that the BOP must credit time served on his First State Sentence because the First State Sentence and the Second State Sentence must be concurrent, as there is an "absence of direction" in the Second State Court Sentence. Section 70.25 states that "the sentence or sentences imposed by the court shall run either concurrently or consecutively . . . in such manner as the court directs at the time of sentence." N.Y. Penal Law § 70.25(1). "If the court does not specify the manner in which a sentence imposed by it is to run . . . [a]n indeterminate or determinate sentence shall run concurrently with all other terms." *Id*. Critically, the New York State court specified that the Second State Sentence be served consecutively with the First State Sentence. Petitioner appears to argue that the default still applies based on arguments challenging the legality of the Second State Sentence, based on an incorrect classification resulting in an "unauthorized sentence." This challenge is not properly before the Court. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to

deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *accord Johnson v. New York*, 851 F.Supp.2d 713, 722 (S.D.N.Y. 2012) ("Whether a sentence should run concurrently or consecutively is purely an issue of state law and is not cognizable on federal habeas review.").

On reply, Petitioner seems to concede that the First State Sentence was properly considered consecutive to his other two sentences and brings a new challenge to the calculation of his credits. He argues that he should have received 12 months' credit toward his Federal Sentence based on the July 7, 2017, conditional release date for the First State Sentence. Petitioner has not shown that he has exhausted his administrative remedies regarding this request. Even if Petitioner had exhausted his administrative remedies on this particular request, it would fail on the merits. The record shows that his First State Sentence expired on July 7, 2018, and that although he may have been eligible for conditional release on an earlier date, he did not receive conditional release.

The BOP correctly determined that the Federal and Second State Sentences would not commence until after the completion of the First State Sentence on July 7, 2018, and Petitioner is not owed any other custody credit, including from time served on the First State Sentence.

## IV.   CONCLUSION

The Court has considered all of the arguments raised by the parties, and to the extent not specifically addressed, the arguments are either moot or without merit. For the reasons stated above the Petition is DENIED. The Clerk of Court is respectfully directed to enter judgment dismissing the Petition, close the case and mail a copy of this Opinion and Order to Petitioner.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: September 21, 2020
      New York, New York

                                                 **LORNA G. SCHOFIELD**
                                               **UNITED STATES DISTRICT JUDGE**